USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/17/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS LINDSAY and MARGARET : Civil Action No. 09-CIV-
LINDSAY, his wife, : 5475 (SHS)
:
Plaintiffs, : **CONSENT PROTECTIVE**
: **ORDER**
-against- :
:
C.R. BARD, INC, a New Jersey corporation, :
and BARD PERIPHERAL VASCULAR, INC., :
(a subsidiary and/or division of defendant :
C.R. BARD, INC.) an Arizona corporation, :
:
Defendants :
:

    IT IS HEREBY ORDERED that, the parties, through their respective counsel, stipulate that certain documents, testimony, and other information to be disclosed and produced in this litigation contain trade secrets or other confidential research, development, or commercial information, as well as other information protected from disclosure by applicable law. To preserve the confidentiality of such confidential documents and information pursuant to Rule 26 of the Federal Rules of Civil Procedure,

    IT IS FURTHER ORDERED as follows:

    1.    For purposes of this Order, "Confidential Information" shall mean all documents, materials, electronically stored information, or other things, or portions thereof (and the information contained therein) that are designated by any party with the following:

        CONFIDENTIAL. This document is subject to the Protective Order entered by the United States District Court, Southern District of New York, in Civil Action No. 09-CIV-5475.

The term "documents, materials, electronically stored information, or other things" shall include but not be restricted to, all interrogatory answers, responses to requests for production, deposition testimony, and deposition exhibits.

2. All documents, materials, electronically stored information, or other things designated as "CONFIDENTIAL" shall be treated as confidential pursuant to the terms of this Order until further order of this Court. The designation by any party of Confidential Information raises no presumption that the items designated are entitled under the law to protection. If any party contends that any document, material, electronically stored information, or other thing has been erroneously designated as confidential, the parties shall nevertheless treat that document, material, electronically stored information, or other thing as confidential unless and until either (a) the producing party gives written permission to do otherwise or (b) the Court rules that the document, material, electronically stored information, or other thing shall not be treated as confidential. If any party contends in writing that any document, material, electronically stored information, or other thing has been erroneously designated as confidential, the party who made the confidential designation must file a motion with the Court within thirty (30) days of receiving such written notification. If the designating party fails to timely file such motion, document, material, electronically stored information, or other thing shall forthwith be produced and be deemed non-confidential. Should the Court rule that any item designated confidential is not entitled under the law to protection, the designating party shall, within fourteen (14) days after all appeals to the United States Court of Appeals for the Second Circuit are exhausted, provide the party challenging the

confidential designation with copies of each item free of any language indicating that the item is subject to a Protective Order.

3. Nothing in this Order shall be deemed to shift the burden of proof to the party challenging the confidential designation with regard to whether the materials produced pursuant to this Order are entitled to confidential treatment. Moreover, nothing in this Order shall be deemed a waiver of any parties' right to oppose any motion by any other party for a protective order or to oppose any objection to the disclosure of any information or documents on any legal grounds, including, but not limited to, the grounds that the party seeking the protective order has neither timely nor adequately objected to disclosure of such documents and information or moved for a protective order.

4. Nothing in this Order shall be deemed a waiver of any parties' right to oppose discovery on grounds other than that the documents and information sought constitute or contain Confidential Information, or to object on any ground to the admission in evidence, at the trial of this action, of any Confidential Information.

5. If the non-designating party seeks to file Confidential Information with the Court for any reason, that party shall provide the designating party ten (10) days notice of the intent to file Confidential Information, so as to provide the designating party an opportunity to seek an Order from the Court that the Confidential Information be filed under seal. In the event that the designating party files such a motion within ten (10) days of receiving such notice, the non-designating party shall refrain from filing the Confidential Information until the Court rules on the motion, although nothing shall prevent either party from submitting the Confidential Information to the Court for an <u>in camera</u> inspection. Upon a showing of good cause, the Court may enter an order

permitting the Confidential Information to be filed under seal. Where possible, the parties will request that only the confidential portions of filings with the Court be filed under seal. The parties agree that they will stipulate to a 10-day extension of time, subject to the Court's approval, for the filing of any brief in opposition to a motion, when the party filing that brief reasonably anticipates that Confidential Information will be utilized in the brief.

6. All Confidential Information shall be used for the purpose of this lawsuit only, and except as permitted by this Order, the parties, their respective attorneys shall not give, show or otherwise divulge or disclose the substance of the Confidential Information, or any copies, prints, negatives or summaries thereof to any person or entity.

7. Within the confines of this litigation, the parties and their respective attorneys are free to share the information contained in the documents with attorneys or other office personnel who are working on this case, including technical consultants and/or experts who are assisting counsel in the prosecution of this case. Counsel for the parties in this case agree that all persons working on this matter will be made aware of the terms of this Order and be instructed that they are bound by this Order.

8. Within the confines of this litigation, if Confidential Information is to be disclosed to technical consultants and/or experts to assist in the preparation of this matter for trial, the counsel for the party disclosing such information shall require each of them to execute an Agreement to Maintain Confidentiality in the form annexed hereto as Exhibit 1. All persons receiving or given access to Confidential Information in accordance with the terms of this Order consent to the continuing jurisdiction of this Court for the purposes of enforcing this Order and remedying any violations thereof.

9. Counsel for the parties shall maintain a list of the names of all persons to whom the Confidential Information is disclosed until such time as all Confidential Information covered by this Order are returned to counsel for the party who provided the Confidential Information set forth elsewhere in this Order.

10. Confidential Information shall not be placed or deposited in any sort of data bank or otherwise be made available to indiscriminate or general circulation to lawyers, litigants, consultants, expert witnesses or any other persons or entities. This paragraph and the other provisions of this Order shall not apply to Confidential Information which, if challenged by any party, the Court rules are not entitled to protection.

11. The parties and their counsel as well as their technical consultants and experts shall also not sell, offer, advertise, publicize nor provide under any condition any Confidential Information produced by any other party to any competitor of any defendant or to any employee or consultants of any competitor (irrespective of whether they are retained as an expert by a party in this action) or to any other business or governmental entity or any employee or consultants (irrespective of whether they are retained as an expert by a party in this action) of any such entity engaged in the research, development, manufacturing or distribution of any pharmaceutical, biologic, medical device, or other FDA-regulated product.

12. If the non-designating party or any non-party uses any documents, materials, electronically stored information, or other things that have been designated as "Confidential" pursuant to this Protective Order during the course of a deposition, that portion of the deposition record reflecting such "Confidential" information shall be

sealed and stamped as "Confidential" and access thereto shall be limited pursuant to the other terms of this Protective Order. Counsel for the designating party may invoke the provisions of this Protective Order by stating on the record during the deposition that testimony given at the deposition is designated "Confidential" or by designating the deposition transcript or portions thereof as "Confidential" before the time expires within which the witness may sign the deposition transcript. No person shall be present during portions of the depositions designated "Confidential" unless such person is authorized under the terms of this order to receive Confidential information, or unless the producing party expressly consents to such person(s) being present. All information disclosed during a deposition shall be deemed to have been designated "Confidential" until the time within which the witness may sign the transcript expires, whether or not any portion of the transcript has been so designated previously.

13. Upon completion of the trial and appeals, if any, in the instant action, or at the satisfaction of any judgment, or upon the conclusion of any settlement, if any, the parties' attorneys in the instant case shall return to the disclosing party's counsel the Confidential Information and any and all copies, prints, and negatives in the receiving party's possession or in the possession of that party's experts and consultants. To the extent that a non-designating party, its counsel, its experts or consultants have made summaries of Confidential Information, the non-designating is not required to return those summaries upon the completion of trials and appeals; however, they will be required to maintain the confidentiality of that information indefinitely.

14. If a party inadvertently produces confidential information without the required "Confidential" marking, the producing party shall contact the receiving party

within 30 days of discovering the inadvertent omission, and inform the receiving party in writing of the inadvertent omission and the specific material at issue. Upon receipt of such notice, the receiving party shall treat the material identified in the notice as confidential until (a) the parties agree to non-confidential treatment of the subject material, or (b) the Court, on motion of either party, issues an order addressing the appropriate treatment of the subject material.

   15. Inadvertent production of documents or electronically stored information ("ESI") (hereinafter collectively "Inadvertently-Produced Documents") subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall notify the receiving party in writing as set forth. In the event that a party inadvertently produces documents or ESI subject to a claim of privilege, the producing party shall, within 30 days of the discovery of the inadvertent disclosure, notify the other party in writing of the inadvertent disclosure. The producing party may, in the notice, request a "clawback" of the inadvertently disclosed document or ESI. The party receiving such clawback notice shall immediately and diligently act to retrieve the Inadvertently-Produced Documents, and all copies, including any loaded to databases, and return them to the producing party or destroy them as agreed between the parties. All notes or other work product of the receiving party, reflecting the contents of such materials, shall be destroyed and not used.

   If the receiving party elects to file a motion as set forth below, the receiving party, subject to the requirements below, may retain possession of the Inadvertently-Produced Documents as well as any notes or other work product of the receiving party reflecting

the contents of such materials pending the resolution by the Court of the motion below, but shall segregate and not use them pending resolution of the motion. If the receiving party's motion is denied, the receiving party shall promptly comply with the immediately preceding provisions of this paragraph. No use shall be made of such Inadvertently-Produced Documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them unless otherwise ordered by the Court.

The party receiving such Inadvertently-Produced Documents may, after receipt of the producing party's notice of inadvertent production, move the Court to dispute the claim of privilege or immunity, but the motion shall not assert the fact or circumstances of the inadvertent production to challenge whether the material is, in fact, privileged.

There is no waiver of privilege or work product protection in this matter or any other matter in any other jurisdiction for any document or ESI clawed-back under this clause, or for the subject matter of any such document or ESI, whether the privileged document or ESI was inadvertently provided following review or as part of a "Quick Peek" production. In the event that either party receives information produced in discovery from the other party that reasonably appears to be Inadvertently-Produced Documents, the receiving party shall promptly notify the producing party in writing of the apparently inadvertent production.

16.   The determination of how any material designated as "CONFIDENTIAL" shall be used at the trial of this case, if any, is not made at this time. Rather, any such determination will be made prior to trial.

*This order may be amended for good cause.*

DATED this 17th day of September, 2009.

_____
JUDGE, UNITED STATES DISTRICT COURT

CONSENTED TO BY:

/s/ Ellen Relkin
Ellen Relkin (ER 9536)
WEITZ & LUXENBERG, PC
180 Maiden Lane, 17th Floor
New York, NY 10038
Tel: 212-558-5500

Attorney for Plaintiffs Thomas Lindsay
And Margaret Lindsay


REED SMITH LLP


/s/ Daniel K. Winters
Daniel K. Winters (DW 1158)
Janice D. Kubow (JK 8255)
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
Tel: (212) 521-5400
dwinters@reedsmith.com
jkubow@reedsmith.com

Richard B. North, Jr.
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA 30363
Tel: (404) 322-6155
richard.north@nelsonmullins.com

Attorneys for Defendants
C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.

9

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| THOMAS LINDSAY and MARGARET LINDSAY, his wife, :<br>:<br>Plaintiffs, :<br>:<br>-against- :<br>:<br>C.R. BARD, INC, a New Jersey corporation, :<br>and BARD PERIPHERAL VASCULAR, INC., :<br>(a subsidiary and/or division of defendant :<br>C.R. BARD, INC.) an Arizona corporation, :<br>:<br>Defendants :<br>:  | Civil Action No. 09-CIV-5475 (SHS) |

## **AGREEMENT TO MAINTAIN CONFIDENTIALITY**

The undersigned agrees:

I hereby attest to my understanding that documents, materials, electronically stored information, or other information designated confidential are provided to me subject to the Consent Protective Order dated _____, \_\_\_\_ (the "Protective Order"), in the above-captioned litigation; that I have been given a copy of and have read the Protective Order, and that I agree to be bound by its terms. I also understand that my execution of this Agreement to Maintain Confidentiality, indicating my agreement to be bound by the Protective Order is a prerequisite to my review of any information or documents designated as confidential pursuant to the Protective Order.

I further agree that I shall not disclose to others, except in accordance with the Protective Order, any Confidential Information, as defined therein, or any portions thereof, in any form whatsoever, and that such Confidential Information may be used only for the purposes authorized and permitted by the Protective Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Confidential Information will continue even after this litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United States District Court, Southern District of New York for the purposes of any proceedings relating to enforcement of the Protective Order.

I further agree to be bound by and to comply with the terms of the Protective Order as soon as I sign this Agreement, whether or not the Protective Order has yet been signed by the Court.

Date: _____

By: _____

Subscribed and sworn to before me this _____ day of _____, 2009.

_____
Notary Public